[No. 2174]

STATE OF NEVADA, Ex Rel. RENO SCHOOL DISTRICT No. 10, Petitioner, v. BOARD OF COUNTY COMMISSIONERS OF WASHOE COUNTY, Respondent.

[149 Pac. 191]

1. Schools and School Districts—Taxes—Annual Levy.
   Where the board of county commissioners had complied with Revised Laws, sec. 3618, requiring them, on or before the first Monday of March of each year, to fix the rate of county taxes for such year, designating the number of cents on each hundred dollars, and levy the state and county taxes on the taxable property, it was an ultimate act in pursuance of that section and sections 3762, 3763, relating to their duties "to levy annually," such statutes contemplating but one annual levy; consequently *mandamus* would not lie to compel a levy under the subsequently enacted statute of March 9, 1915 (Stats. 1915, c. 78), permitting the county commissioners, in counties in which no high school is located, to levy a county tax for high-school purposes for the benefit of any district high schools complying with certain conditions, the proper construction of such act being that the levy should be made at the time when the county levy is regularly made.

ORIGINAL PROCEEDING in *mandamus* to compel the respondent to levy a tax for certain school purposes. **Writ denied.**

*William P. Seeds*, for Relator:

The provision of section 3618, Revised Laws of Nevada, requiring the county commissioners to fix the rate of county taxes on or before the first Monday of March

each year, is directory. (1 Cooley on Taxation, 3d ed. 486, and note 2, p. 487; *Wingate* v. *Ketner*, 35 Pac. 591; *Sharpe* v. *Engle*, 39 Pac. 384; *School Dist.* v. *Board*, 122 Pac. 520; *Walker* v. *Edmons*, 47 Atl. 867; *Coles County* v. *Allison*, 23 Ill. 383; *Tuohy* v. *Chase*, 30 Cal. 525; *Odd Fellows Bank* v. *Quillen*, 11 Nev. 109.)

*E. F. Lunsford*, District Attorney, and *Geo. B. Thatcher*, Attorney-General, for Respondent:

Where a statute prescribes a time for the levying of taxes, a levy at any other time is invalid. (*Martin* v. *McDiarmid*, 55 Ark. 213, 17 S. W. 877; *St. Louis R. Co.* v. *Thornton*, 86 S. W. 852; *Berger* v. *Lutterloh*, 68 S. W. 37; *Clark* v. *Town of Noblesville*, 44 Ind. 83; *Gamble* v. *Witty*, 55 Miss. 26; *Beard* v. *Supervisors*, 51 Miss. 542; *Smith* v. *Nelson*, 57 Miss. 138; *Stovall* v. *Connor*, 58 Miss. 138; *Beck* v. *Allen*, 58 Miss. 143; *Harris* v. *Stockett*, 58 Miss. 825; *State* v. *Manhattan S. M. Co.*, 4 Nev. 318; *Hallo* v. *Helmer*, 12 Neb. 87, 10 N. W. 568; 45 Cent. Dig., sec. 492.)

By the Court, McCARRAN, J.:

This is an original proceeding in *mandamus*, instituted by relator to compel respondent to levy a tax against the taxable property in Washoe County, in compliance with an act of the legislature of 1915, entitled "An act to authorize county commissioners in counties not having high schools, to aid district high schools under certain conditions, and other matters properly connected therewith," approved March 9, 1915 (Stats. 1915, c. 78), which act is in part as follows:

"SECTION 1. In any county in which no county high school is located, the county commissioners shall levy a county tax for high school purposes of not less than ten (10) cents on the hundred ($100) dollars of assessed valuation of the county for the benefit of any district high school or schools that comply with the following conditions:

"1. That the said high school or schools shall have standard courses in commercial work or manual arts or domestic arts, or standard courses in agriculture;

"2. That the board of school trustees of the district or districts having high schools as described in paragraph 1 of these conditions shall each have levied a special district tax of not less than fifteen (15) cents on the hundred ($100) dollars of the assessed valuation.

"3. That the board of school trustees of each district interested shall have passed a resolution opening their high school to all properly qualified students of the county."

Pursuant to the foregoing act, Reno School District No. 10, through its board of school trustees, passed a resolution as follows:

"Whereas, Reno School District No. 10 in the County of Washoe, Nevada, has for a number of years last past offered to all students of said county of Washoe, full and equal privileges with the students of said school district to its high school; and whereas, the legislature recently passed 'An act to authorize county commissioners in counties not having high schools, to aid district high schools under certain conditions, and other matters properly connected therewith,' approved March 9, 1915; and whereas, it is the desire of said Reno School District No. 10 to avail itself of all the privileges and benefits of said act; and whereas, said Reno High School for several years last past, and is now, and intends to in the future, maintain standard courses in commercial work and in the manual and domestic arts:  Now, therefore, be it resolved by the board of trustees of Reno School District No. 10, that the high school in said school district shall be and the same is hereby open to all properly qualified students of said county, and that the said board of trustees do and perform any and all acts necessary to fully comply with and carry into effect this resolution.

"Dated March 22nd, 1915."

Thereafter, and on the same date, to wit, March 22, 1915, the relator presented to respondent, the board of county commissioners of Washoe County, an instrument in the nature of a request, as follows:

"To the County Commissioners of Washoe County: Whereas, in Washoe County, Nevada, there is no county

high school; and whereas (1) the Reno High School of said Washoe County has maintained, and will continue to maintain, standard courses in commercial work and in the manual and domestic arts; and, whereas (2) the board of school trustees of the Reno public schools has directed the levy of a special district tax of more than fifteen cents on the hundred dollars of the assessed valuation; and whereas (3) the said board of trustees of Reno School District No. 10 has passed a resolution opening their high school to all properly qualified students of Washoe County: Be it therefore resolved by said board of trustees of Reno School District No. 10, in pursuance of the provisions of assembly bill No. 58, introduced by Mr. Schmidt of Nye County, and which has since passed both houses of the Legislature and been duly signed by the Governor, that the county commissioners of Washoe county, Nevada, are hereby notified that a tax of ten cents on the hundred dollars of the assessed valuation of the county must be levied for the benefit of the Reno and Sparks high schools in Washoe County.

"Board of Trustees, Reno School District No. 10.

"By Robert M. Price, President.

"By Theo. W. Clark, Clerk."

Respondent having refused to comply with the request of relator as set forth above, this proceeding was instituted to compel respondent to act pursuant to such request.

Section 3618 of our Revised Laws, being section 2 of an act entitled "An act to provide revenue for support of the government of the State of Nevada," is as follows:

"The board of county commissioners of each county shall, on or before the first Monday of March, of each year, fix the rate of county taxes for such year, designating the number of cents on each hundred dollars of property levied for each fund; and shall levy the state and county taxes upon the taxable property of the county."

The answer of respondent sets forth, and in this respect it is admitted, that respondent, in compliance with the foregoing statute (3618), fixed the rate of county taxes

for the year 1915 on the 1st day of March, 1915, which was the first Monday in that month. The act under which relator seeks to bring about the additional levy of 10 cents did not become a law until March 9, 1915; and the resolution opening the Reno High School to all properly qualified students of the county was not passed by the board of school trustees of Reno School District No. 10 until March 22, 1915, on which same day demand was made by relator upon respondent for the additional levy.

It is the contention of relator that section 3618, Revised Laws, *supra,* is not mandatory, but is directory only, and a number of authorities are cited in support of this contention. Counsel for respondent takes the contrary position and cites a number of authorities in support of the opposite view. The authorities are not in harmony, but we think it unnecessary to determine the question.

Whether the provisions as to the time prescribed for making the levy for county taxes are directory or mandatory we think immaterial in this case. It is admitted that the board of county commissioners of Washoe County met on the first Monday of March, and then and there fixed the tax rate for the fiscal year for that county. This was an ultimate act on the part of the board, done pursuant to the direction of sections 3762, 3763, and 3618. The law under which and by reason of which relator seeks to change that levy was not in existence on the first Monday of March, and hence could not have been considered or contemplated or provided for by the board of county commissioners when, pursuant to this statute, they fixed the rate for the fiscal year. Whatever might be said as to the right of the board of county commissioners to change the levy when, by reason of inadvertence or mistake, they had failed to make a proper levy pursuant to laws then in existence, such argument cannot avail in this instance. The levy, as fixed by the board of county commissioners on the first Monday of March, in so far as the contention of either party here is concerned, met all the requirements of the then existing laws, and was not subject to any challenge or objection on the ground of

inadequacy to meet the county needs as they then existed, nor was the law subject to any other objection that comes to our knowledge. Section 3762, Revised Laws, being section 150 of the revenue act above referred to, is as follows:

"The board of county commissioners in each county of this state are hereby authorized and empowered to levy annually, on or before the first Monday in March, an ad valorem tax for county purposes not exceeding the sum of two dollars on each one hundred dollars value of taxable property in the county and such special taxes as may be authorized and required by law. * * *"

Section 3763, Revised Laws, being section 151 of the revenue act, is as follows:

"In making the annual levy the board shall designate the number of cents levied for each particular purpose, and shall add thereto the amount levied by law for state purposes. They shall cause said state and county levies to be entered on the records of their proceedings, and shall direct their clerks to deliver a certified copy thereof to the auditor, assessor and treasurer, each of whom shall file said copy in his office."

In each of these sections above set forth, the statute refers to an annual levy, and prescribes, by direction at least, the time within which such annual levy shall be fixed and declared. As to whether or not the board of county commissioners could vacate this levy when once declared, if for some reason, which in their judgment would inure to the best interests of their county, they saw fit so to do, is not before us; nor are we to determine in this proceeding whether or not the annual levy called for by the sections of the statue would be valid if made at a later time. The statute, in our judgment, contemplates but one annual levy, and the contemplation of the statute in this respect is met when the board of county commissioners fixes the rate to meet the requirements of the county pursuant to the laws existent at the time at which it is made; and the levy thus made to meet the county requirements, pursuant to existing laws,

becomes a final levy, except in so far as it may be changed
by the board of equalization, if, in their judgment, such
change be necessary, either to meet the requirements of
the county or to obviate the collection of a sum of money
in excess of county needs.    (Rev. Laws, sec. 3818; *State,
ex rel. Shaughnessy*, v. *Boerlin*, 38 Nev. 39, 144 Pac. 738.)

There is nothing in the statute enacted by the legislature
of 1915 which would warrant us in regarding the statute
as being retrospective in its effect.    This is at least true
to the extent that it could not, in our judgment, operate
to compel the tax-levying power to vacate its final levy,
made at a time prior to the existence of this statute, and
which levy, so far as the record here discloses, was not
invalid or objectionable for any reason.

It will be observed that the act of March 9, 1915, in
relation to district high schools, provides for a permanent
annual tax upon the property of the county, and there-
after must necessarily form a part of the total county tax
rate.    The act is silent as to when this tax shall be levied,
and, in the absence of any requirement that it shall be
levied at a time different than the time when other county
taxes shall be levied, we think the only proper construc-
tion to be placed on the act is that the levy shall be made
at the time when the county levy is regularly made,
following a compliance with the law upon the part of a
district high school, making the levy of such a tax incum-
bent upon the board of county commissioners.    Had it
been the intention that the first levy should be made
immediately upon the board of county commissioners
being advised that a district high school had complied
with the act, it would have been very easy for the legis-
lature to have said so as it did in section 140 of the general
school law (Rev. Laws, sec. 3379) where "upon notification
by the clerk of the board of school trustees" that certain
action has been taken, the board of county commissioners
are required to levy a special district tax.    The fact that
it is by the statute left optional with a district high school
when, if at all, it may comply with the law may account
for the absence of a provision requiring the first levy to

be made upon notification that the district had complied with the law. A district might, under the law, comply with the statute at a time when such a levy, if it had to be made immediately following the action of the board of school trustees, might cause great inconvenience or confusion in the collection of taxes. The statute being silent as to when the first levy shall be made, we think, in view of the other revenue laws *in pari materia*, it should be made the first time thereafter when the tax levy is made for county purposes. An act entitled "An act in relation to levying and assessing taxes for state and county purposes," approved March 19, 1891 (Rev. Laws, sec. 3818, cited *supra*) provides:

"All state and county taxes required to be levied by boards of county commissioners of the several counties of this state in pursuance of the revenue laws of this state, shall hereafter be levied by such boards of county commissioners on or before the first Monday of March of each year." * * *

While we are of the opinion that the legislature, by a specific statutory provision, might have required the county commissioners to have levied the tax in question at a time subsequent to that prescribed in the general revenue laws, for levying state and county taxes, absence of such specific direction will not require the board to levy such tax prior to the time for the next regular tax levy.

The writ as prayed for will be denied.

It is so ordered.